**Entered on Docket**
**November 18, 2005**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: November 17, 2005**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>SHALINI POONAM BHUTANI,<br><br>                    Debtor.<br>_____<br>ANDY SABERI,<br>                    Plaintiff,<br>    vs.<br><br>SHALINI POONAM BHUTANI,<br>                    Defendant.<br>_____ | Case No: 04-30875<br><br>Chapter 7<br><br><br><br>Adv. Proc. No. 04-3160 TC<br><br><br><br><br>Date: October 4, 2005<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>      235 Pine Street<br>      San Francisco, CA |

**MEMORANDUM DECISION**

This action was tried on October 4, 2005. Jeffrey J. Goodrich appeared for Plaintiff. Alexander J. Berline appeared for Defendant. Upon due consideration, and for the reasons set forth below, I determine that Defendant should not be denied a discharge, and that her debts to Plaintiff should not be excepted from

**MEMORANDUM DECISION**
-1-

discharge. This memorandum decision shall constitute my findings of fact and conclusions of law.

**FACTS**

Defendant is an interior designer doing business as Lights 'R' Us. She performed work for Plaintiff during the construction of his new home. Plaintiff first hired Defendant to select marble, and to choose paint and stain colors. Defendant performed this work pursuant to a written contract dated August 12, 2002, and was paid in full ($4,000) for her work under that contract.

Plaintiff later hired Defendant to perform additional work on the house without a signed written contract. The additional work included selection of lights, cabinets and furniture, and oversight of subcontractors working on the house. Defendant contends that by June 2003 she had performed $23,000 worth of additional services, but had been paid only $3,000. Although she did not submit time records establishing any specific amount owed, I find that Defendant had performed a substantial amount of additional work, and that she was entitled to at least a substantial part of the amount she claimed.

As of late June 2003, Defendant held the following property in which Plaintiff had an interest: (1) a $6,000 cash deposit for light fixtures Plaintiff had ordered from Defendant; and (2) new furniture that Plaintiff had purchased from a Los Angeles dealer in February 2003 at a cost of $16,474, and that Defendant stored for him until his house was ready.

In late June 2003, the relationship between Plaintiff and Defendant quickly descended into crisis. Defendant, worried that she would not be paid for the additional work she had performed

without a written contract, refused to deliver the furniture until Plaintiff paid her. In a June 29th letter, Plaintiff asked Defendant to deliver his furniture before July 2nd. In a June 30th letter, Defendant responded that she would deliver the furniture when Defendant paid her the $20,000 she was due. At the same time, Defendant stipulated that if Plaintiff wished to cancel the purchase of light fixtures, Defendant would apply the $6,000 cash deposit against that $20,000 balance.

Within the next few days, Plaintiff filed an action in the San Mateo County Superior Court seeking to compel Defendant to deliver the furniture. Defendant filed a counterclaim alleging that she was owed $20,000. On July 8th, the Superior Court ordered Defendant to turn over the furniture, but on the condition that Plaintiff post a bond to secure payment to Defendant should Defendant prevail on her counterclaim. Rather than posting the required bond and thereby obtaining the furniture from Defendant, Plaintiff purchased replacement furniture from a Los Angeles dealer on July 9th.

In early September 2003, Defendant received $6,447 from a supplier, representing a credit payable to Plaintiff for materials Plaintiff had returned. At some point, Defendant applied that cash and the $6,000 deposit against the amount she claimed Plaintiff owed her. Knowing that Plaintiff had purchased replacement furniture, Defendant simply held Plaintiff's furniture until February 2004, when she sold some of it to a Mr. Singh for $5,635.

Defendant filed a chapter 7 petition on March 31, 2004. In her schedules, she did not list among her personal property any accounts receivable or any jewelry.

**MEMORANDUM DECISION**

-3-

**DISCUSSION**

1. <u>Denial of Discharge</u>.  Plaintiff urges that Defendant be denied a discharge under 11 U.S.C. § 727(a)(4)(A), because she made a false oath by failing to list any jewelry or accounts receivables among the personal property disclosed in her bankruptcy schedules. Plaintiff argues that it is unlikely that Plaintiff would own no jewelry.  Plaintiff also argues that if he did owe Defendant $20,000, Defendant should have listed that amount as a receivable. The evidence fails to support either allegation.

Defendant explained that she gave up all her jewelry in her divorce.  Plaintiff offered no evidence that Defendant in fact owns any jewelry, other than to suggest that Defendant's story was improbable.  The court will not deny Defendant's discharge on such a record.

Whether Defendant should have listed a receivable is a closer question.  In June 2003, Defendant claimed Plaintiff owed her $20,000.  By the March 31, 2004 petition date, Defendant had applied against this debt $18,082 cash that would have otherwise been payable to Plaintiff.[1]  In a strict mathematical sense, Plaintiff would still have owed Defendant $1,918 on the petition date.  But this purely mathematical calculation fails to take account of the fact that Defendant had detained Plaintiff's furniture, that Plaintiff had sued Defendant because of that act, and that Defendant still held some of the furniture.  To find that Defendant made a false oath justifying denial of discharge, I must find that Defendant acted fraudulently, which in this context means

---

[1] This sum consists of the $6,000 deposit, the $6,447 return-of-merchandise credit, and the $5,635 proceeds of sale of Plaintiff's furniture.

**MEMORANDUM DECISION**

-4-

"with the intention and purpose of deceiving the creditors." Roberts v. Erhard (In re Roberts), 331 B.R. 876, 884 (9th Cir. BAP 2005). The evidence does not suggest that Defendant acted with such intent. Rather, the circumstances suggest that Defendant wanted the dispute with Plaintiff over with, and that her failure to list the receivable represented her willingness to consider Plaintiff's debt to her fully paid, if she could be free of any further suits by Plaintiff.[2]

    2. <u>Exception from discharge</u>. Plaintiff next argues that Defendant converted his property by withholding his furniture, his $6,000 purchase deposit, and his $6,447 return-of-merchandise credit. Plaintiff contends further that Defendant's resulting liability should be excepted from discharge under 11 U.S.C. § 523(a)(6), because Defendant's acts constitute willful and malicious injury.

    Conversion is the wrongful exercise of dominion over the property of another. <u>Peklar v. Ikerd (In re Peklar)</u>, 260 F.3d 1035, 1037 (9th Cir. 2001). Not every conversion, however, constitutes a willful and malicious injury within the meaning of section 523(a)(6). "But a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice." <u>Davis v. Aetna Acceptance Co.</u>, 293 U.S. 328, 332 (1934). <u>Accord</u>, <u>Peklar</u>, <u>supra</u>, 260 F.3d at 1037.

---

[2] Because Defendant did not assert any affirmative counterclaim in this action, she should be barred from asserting any such claim in the future outside of the present action. See Fed. R. Civ. P. 13(a) and Fed. R. Bankr. P. 7013.

**MEMORANDUM DECISION**

-5-

For a conversion to be willful and malicious, the debtor must have deliberately performed an act with the specific objective of causing injury or with the subjective knowledge that injury was substantially certain to result. <u>Carrillo v. Su (In re Su)</u>, 290 F.3d 1140, 1142 (9th Cir. 2002).

I find that there is no credible evidence that Defendant acted with the specific objective of harming Plaintiff in withholding either Plaintiff's furniture or the two sums of cash.

I find that in withholding cash payable to Plaintiff, Defendant did not act with the subjective knowledge that her actions were substantially certain to cause Plaintiff harm. In so finding, I rely upon the following factors. Cash is fungible. At the time Defendant withheld the cash due Plaintiff, Defendant believed in good faith that Plaintiff owed her $20,000, an amount larger than the amount of cash she withheld from Plaintiff. The offsetting obligations arose out of closely related transactions. Plaintiff in fact owed Defendant at least a substantial part of the amount Defendant claimed she was owed.

I find that in withholding Plaintiff's furniture, Defendant did not act with the subjective knowledge that her actions were substantially certain to cause Plaintiff harm. In making this finding, I rely upon the following factors. First, as noted above, Defendant believed in good faith that Plaintiff owed her a substantial sum, arising out of a closely related transaction, at the time she withheld Plaintiff's furniture. Second, Defendant withheld the furniture for only a very short period of time before Plaintiff's own acts made the return of the furniture a useless act. On June 29, 2003, Plaintiff demanded the furniture. The next

**MEMORANDUM DECISION**

-6-

day, Defendant stated her refusal to return it until she was paid. Within a week, Plaintiff brought an action in Superior Court to compel Defendant to surrender the furniture. On July 8th, the Superior Court held a hearing, and ruled orally that it would order turnover of the furniture, but only if Plaintiff posted a bond to cover the amount Plaintiff might be found to owe Defendant. On July 9th, Plaintiff, refusing to post the bond, purchased new furniture. Only six months later did Defendant sell some of the furniture she held. The amount received upon that sale, together with the cash withheld, was still less than the amount Defendant in good faith believed Plaintiff owed her. The most relevant period is the ten days between Plaintiff's demand for the furniture and the date Plaintiff purchased new furniture. During that period, Defendant withheld the furniture, but did not put it to her own use or take any steps toward permanently depriving Plaintiff of its use. See Borg-Warner Acceptance Corp. v. Littleton (In re Littleton), 106 B.R. 632, 638-39 (9th Cir. BAP 1989).

Judgment will be entered for Defendant.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Jeffrey J. Goodrich, Esq.<br>Law Offices of Goodrich and Assoc.<br>336 Bon Air Center, Suite 335 |
| 4 | Greenbrae, CA 94904 |
| 5 | Alexander J. Berline, Esq.<br>Hanson, Bridgett, Marcus, Vlahos et al. |
| 6 | 333 Market Street, Suite 2300<br>San Francisco, CA 94105-2173 |
| 7 | |
| 8 | E. Lynn Schoenmann<br>800 Powell Street<br>San Francisco, CA 94108 |
| 9 | |
| 10 | Office of the U.S. Trustee<br>235 Pine Street, Suite 700<br>San Francisco, CA 94104 |
| 11–28 | |